BEATTY, Justice.
This is an appeal from a decision of the Board of Control of the Employees’ Retirement System (ERS), administrator of the Judicial Retirement Fund (JRF). The cause is before this Court for a hearing de novo pursuant to the provisions of the Judicial Retirement Fund Law, Code of Ala. 1975, § 12-18-2(c).
Appellants, T.L. Borom, of Dale County, and James Noel Baker, of Lee County, served as district court judges of those counties. Both judges were active and contributing members of the JRF when they submitted a request for permission to purchase military service credit in the JRF pursuant to the provisions of Act No. 80-639, codified as Code of Ala.1975, § 36-27-48(b). The requests were denied by the Board of Control of the ERS.
Subsequent to the denial, the administrative director of courts requested the opinion of the attorney general. The opinion was favorable to the judges’ claims.
The Board of Control found that, notwithstanding the attorney general’s opinion, members of the JRF were not eligible to participate under the provisions of § 36-27 — 48(b). That section reads in part:
“(b) Any active and contributing member of the employees’ retirement system of Alabama ... who is an active member ... and who has rendered eligible service to any employer covered under [this] system, may hereby claim and purchase credit for any such prior service as an employee of any such employer. Any active and contributing member of the employees’ retirement system ... who is an active member of [this] system, may claim and purchase up to four years’ credit for United States military service.”
We agree with the position of the Board of Control. The issue presented is whether Code of Ala.1975, § 12-l-15(a), authorizes a judge who qualifies under Code of Ala. 1975, § 36-27-48(b), supra, to purchase credit in the judicial retirement fund based upon military service. Section 12-l-15(a) reads as follows:
*143 “Any justice, judge, officer, official or employee of the judicial branch of government, including retired and supernumerary justices, judges or employees, other than probate and municipal court judges and employees, shall be entitled to any and all employee benefits to which other state employees, officérs or officials on active duty status are entitled, including, but not limited to, group hospital, medical and surgical insurance, regardless of whether such officer, official or employee is receiving his compensation from grant funds or otherwise.”
Appellants’ contention that § 12-l-15(a) is applicable in the present case would be feasible if it were not for the fact that the subject of retirement benefits for judges is specifically subsumed in Code of Ala.1975, § 12-18-1 through -114 (Judicial Retirement). While it is true that § 12-l-15(a) may be construed as an equalizing statute placing judges in the same category as state employees with regard to some benefits, this statute cannot be applied to the retirement benefits in this case. If this were allowed, instead of providing the equalizing effect for which it was intended, § 12-1-15(a) would in effect provide double retirement benefits for judges because it would allow judges additional retirement benefits provided for state employees. Judges may be employees for some purposes, but in the narrow context of retirement benefits they are not “employees.”
The clear intent of the Alabama Constitution and its enabling legislation is to establish all retirement benefits for judges within ch. 18, supra. The decision of the Board of Control is therefore due to be, and it is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.
FAULKNER, J., dissents.