MADDOX, Justice.
This is an appeal from a decision of the Employees’ Retirement System Board of Control holding that a district judge could not purchase additional credit in the Judicial Retirement Fund (JRF) for prior service as a county solicitor. The cause is before this Court for a hearing de novo pursuant to the provisions of the Judicial Retirement Fund Law, Ala.Code 1975, § 12-18-2(e).
Judge James Winfred Tucker served as a solicitor of Cullman County from 1963 to 1971. In 1981, he was elected district judge for Cullman County, and served in that capacity for 12 years, from 1981 to 1993. He was not re-elected in 1992. When Judge Tucker left office, he had 12 years of service credited toward judicial retirement and was 62 years of age.
Judge Tucker claims that he was entitled to purchase at least three years of prior service credit pursuant to the provisions of Act No. 93-715, Ala. Acts 1993, which is codified as § 36-27-56.1, Ala.Code 1975. The ERS contends that under the provisions of § 12-18-55, Judge Tucker was not eligible for immediate retirement but had a vested retirement interest and was entitled to begin receiving retirement benefits upon his reaching 65 years of age.
*867 Section 36-27-56.1 (Act No. 93-715) reads as follows:
“Purchase of credit for prior service as county solicitor.
“(a) Any vested member of any component system or fund of the Employees’ Retirement System may claim and purchase up to three years’ credit in his or her system or fund for up to three years of prior service which he or she rendered to any county government as a county solicitor.
“(b) Any vested member eligible to claim and purchase credit for prior service as a county solicitor under subsection (a), shall be awarded credit under the appropriate system or fund provided he or she pays into his or her respective retirement system or fund prior to the member’s date of retirement, a sum of money equal to a percentage of the member’s highest annual compensation or final average salary during the period of prior service, whichever is higher; the applicable percentage of the highest annual compensation or the final average salary, whichever is higher, shall be the sum of the prevailing percentage rates of employer and member contributions as required by the most recent actuarial valuation for each year of service purchased, not to exceed three years.”
Judge Tucker contends that § 36-27-56.1 allows a vested member of any component system or fund, including the JRF, to claim and purchase up to three years’ credit for prior service as a county solicitor. In fact, he says that § 36-27-56.1 was drafted specifically to cover his specific situation.[1] Judge Tucker argues that he was a “vested member of [a] component system or fund of the Employees’ Retirement System.”
The Board of Control held, by a split vote, that § 36-27-56.1 does not apply to the JRF, because, by its explicit terms, it applies only to a vested member of a “component system or fund” of the ERS, and that the JRF is not a “component system or fund” of the ERS. The ERS bases its argument upon a simple assertion: “The Judicial Retirement Fund is not a component of the Employees’ Retirement System.” We agree.
In Borom v. Employees’ Retirement System Board of Control, 427 So.2d 142 (Ala.1983), this Court upheld the Board of Control’s denial of requests by two district court judges for permission to purchase military service credit in the JRF pursuant to § 36-27-48(b), Ala.Code 1975.[2] There, this Court held:
“[T]he subject of retirement benefits for judges is specifically subsumed in Code of Ala.1975, § 12-18-1 through -114 (Judicial Retirement). While it is true that § 12-1-15(a)[3] may be construed as an equalizing *868 statute placing judges in the same category as state employees -with regard to some benefits, this statute cannot be applied to the retirement benefits in this case. If this were allowed, instead of providing the equalizing effect for which it was intended, § 12-l-15(a) would in effect provide double retirement benefits for judges because it would allow judges additional retirement benefits provided for state employees. Judges may be employees for some purposes, but in the narrow context of retirement benefits they are not ‘employees.’
“The clear intent of the Alabama Constitution and its enabling legislation is to establish all retirement benefits for judges within ch. 18, supra.”
Borom, at 143. (Footnote added; emphasis omitted.)
We consider Borom to be the controlling authority, and we conclude that the JRF is not a “component system or fund” of the Employees’ Retirement System. Consequently, we hold that § 36-27-56.1 does not authorize Judge Tucker to claim prior service credit for his service as solicitor.
AFFIRMED.
SHORES, HOUSTON, INGRAM and COOK, JJ., concur.

.Representative Tom Drake filed an affidavit with ERS and also with this Court in which he alleges that Act No. 93-715 was drafted by Richard Kennamer, an employee of the Legislative Reference Service and vice-chairman of the ERS Board of Control, and "was drafted specifically to cover Judge J. Wilfred Tucker’s desire to purchase additional time in the Judicial Retirement System.”
According to the evidentiary submission filed by Judge Tucker before the ERS, Representative Drake introduced Act 93-715 as House Bill 128, in the House of Representatives, as a bill to allow judges, specifically Judge Tucker, to purchase additional time for prior service as a county solicitor. In his affidavit, filed with ERS and with this Court, Representative Drake stated that the bill was intended to apply to judges and that Judge Tucker’s name was specifically mentioned during the debates. Bill 128 passed both the House and the Senate, and Governor Folsom signed the bill into law on May 20, 1993. Judge Tucker contends that Ais Court is bound to give effect to the Legislature’s intent and to hold Aat Ais law gives him Ae right to purchase time for service as Cullman County solicitor.

. That section reads in part:
“(b) Any active and contributing member of Ae employees' retirement system of Alabama ... who is an active member ... and who has rendered eligible service to any employer covered under [Ais] system, may hereby claim and purchase credit for any such prior service as an employee of any such employer. Any active and contributing member of the employees’ retirement system ... who is an active member of [Ais] system, may claim and purchase up to four years' credit for United States military service.”

. Section 12-l-15(a) reads as follows:
“Any justice, judge, officer, official or employee of Ae judicial branch of government, including retired and supernumerary justices, judges or employees, other than probate and municipal court judges and employees, shall be entitled to any and all employee benefits to *868 which other state employees, officers or officials on active duty status are entitled, including, but not limited to, group hospital, medical and surgical insurance, regardless of whether such officer, official or employee is receiving his compensation from grant funds or otherwise.”